UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| MARK YSIDRO | Case Number |
| Plaintiff | |
| vs. | CIVIL COMPLAINT |
| REGIONAL ADJUSTMENT BUREAU, INC. | |
| | JURY TRIAL DEMANDED |
| Defendant | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Mark Ysidro, by and through his undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquite of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

## I. INTRODUCTORY STATEMENT

1. Plaintiff, Mark Ysidro, is an adult natural person and he brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant maintains a principle place of business in this District.

### III.  PARTIES

4. Plaintiff, Mark Ysidro is an adult natural person residing at 2081 Valley Hills Lane NW, Cleveland, TN 37311.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Regional Adjustment Bureau, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Tennessee with a principle place of business located at 700 Goodlett Farms Parkway, Memphis, TN 38016.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7. Plaintiff retained a law firm to assist them in resolving personal financial issues.

8. On or around January 17, 2011, Plaintiff spoke with Defendant's agent, "Gina Woods" regarding an alleged debt owed to CitiFinancial for the amount of $2,968.25.

9. Defendant's agent, "Gina Woods" offered Plaintiff a settlement for the amount of $1,187.30.

10. Plaintiff contacted his attorney and was instructed by his attorney to have Defendant send the settlement offer in writing.

11. On or around January 19, 2011, Plaintiff received a letter from Defendant dated January 17, 2011 regarding the aforementioned settlement agreement. **See Exhibit "A" attached hereto.**

12. Defendant's letter stated that the settlement for $1,187.30 was approved and that Plaintiff must remit payment in full by January 31, 20111.

13. On or around January 19, 2011, Plaintiff's attorney sent a cease and desist letter to Defendant stating that all further communication be made through Plaintiff's attorney and no longer directly with Plaintiff. **See Exhibit "B" attached hereto.**

14. On or around January 28, 2011, Plaintiff's attorney sent a check in the amount of $1,187.30 to Defendant via Fed-Ex overnight to be received by Defendant on given due date. **See Exhibit "C" attached hereto.**

15. In early February 2011, Defendant's agent, "Gina Woods" again began to contact Plaintiff by phone.

16. Plaintiff informed Defendant's agent that all communication from Defendant needed to go through Plaintiff's attorney.

17. Plaintiff did not know why Defendant's agent was contacting Plaintiff since Plaintiff believed that the account had been paid off.

18. Plaintiff was later informed by Defendant's agent that Defendant did not accept Plaintiff's payment because the check did not come from Plaintiff himself.

19. Defendant's letter never stated that the payment needed to be submitted by individual nor did the letter state that Defendant would not accept checks from a third party.

20. The only terms stated in Defendant's letter was, "This settlement is considered valid only if the check is received by Regional Adjustment Bureau, Inc. and is honored by the bank against which it is drawn."

21. Defendant's agent, "Gina Woods" claimed that Defendant had returned the settlement check to Plaintiff's attorney on January 31, 2011.

22. Defendant's agent, "Gina Woods" continued to contact Plaintiff directly despite being told on several occasions, by Plaintiff and per the aforementioned cease and desist letter, to direct all communicate to Plaintiff's attorney.

23. Defendant's agent continued to tell Plaintiff that Defendant would not accept a check from Plaintiff's attorney.

24. On or around February 26, 2011, Defendant's agent, "Gina Woods" contacted Plaintiff and was again told by Plaintiff to contact Plaintiff's attorney.

25. During the aforementioned conversation, Defendant's agent, "Gina Woods" refused to contact Plaintiff's attorney and told Plaintiff that Plaintiff's account was going to be "marked for further collection activities." Defendant's agent subsequently terminated the phone call by hanging up on Plaintiff.

26. On or around March 14, 2011, Plaintiff's attorney received the returned check which Defendant's agent claimed was returned on January 31, 2011.

27. Plaintiff continued to receive phone calls from Defendant.

28.     The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

29.     At all times pertinent hereto, Defendant was acting by and through it's agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

30.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

31.     As a result of Defendant's conduct, the Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

### COUNT I – FDCPA

32.     The above paragraphs are hereby incorporated herein by reference.

33.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

34.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | | |
|---|---|---|
| §§ 1692c(a)(2): | | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(c): | | After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication |
| §§ 1692d: | | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10): | | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Regional Adjustment Bureau, Inc. for the following:

    a.    Actual damages;

    b.    Statutory damages pursuant to 15 U.S.C. § 1692k;

    c.    Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    d.    Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                        **Respectfully submitted,**

                        **WARREN & VULLINGS, LLP**

**Date: June 29, 2011**        **BY: _/s/ Bruce K. Warren_**
                                      Bruce K. Warren, Esquire

                        **BY: _/s/ Brent F. Vullings_**
                        Brent F. Vullings, Esquire

                        Warren & Vullings, LLP
                        93 Old York Road
                        Suite 333
                        Jenkintown, PA 19046
                        215.745.9800  Fax: 215.745.7880
                        Attorneys for Plaintiff